UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


WATKINS MOTOR LINES, INC.,
a Florida Corporation,

        Plaintiff,

                                          Case No. 8:05-CV-341-T-24MAP

v.

CARI M. DOMINGUEZ, CHAIR, EQUAL
EMPLOYMENT OPPORTUNITY COMMISSION;
UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Defendants.
_____/

## <u>ORDER</u>

This cause comes before the Court on two motions: (1) Plaintiff's Motion for Preliminary
Injunctive Relief (Doc. No. 3-2), Defendants' opposition thereto (Doc. No. 25), Plaintiff's reply
brief (Doc. No. 28); and (2) Defendants' Motion to Dismiss (Doc. No. 34) and Plaintiff's
opposition thereto (Doc. No. 38).  Plaintiff's Motion for Preliminary Injunctive Relief was
considered by the United States Magistrate Judge, pursuant to a specific order of referral (Doc.
No. 6).  Magistrate Judge Pizzo held a hearing on the motion on April 21, 2005, and he filed his
report recommending that the Court deny Plaintiff's Motion for Preliminary Injunctive Relief and
dismiss this case because Plaintiff's claims are not ripe.  (Doc. No. 37).  All parties were
furnished copies of the Report and Recommendation and were afforded the opportunity to file
objections pursuant to 28 U.S.C. § 636(b)(1).  Objections to the Magistrate's Report were filed
by Plaintiff (Doc. No. 42), and Defendants have filed a response thereto (Doc. No. 43).  Upon
consideration of the Report and Recommendation and Plaintiff's objections thereto, and upon

this Court's independent examination of the file, it is determined that the Report and

Recommendation (Doc. No. 37) should be adopted.

## I.  Background

Plaintiff alleges the following in its amended complaint (Doc. No. 2): Lyndon Jackson

filed a charge of discrimination with the EEOC on September 14, 2004, alleging that he was

denied employment with Plaintiff due to race discrimination.  In October of 2004, Plaintiff

responded to the charge by stating that it did not hire Jackson because he was convicted of a

violent crime (aggravated sexual abuse), and it is Plaintiff's intention to provide a safe

workplace for its employees.  Plaintiff stated that it has a policy of using past criminal

convictions in its hiring decisions due to three tragic shooting incidents in the workplace within

the five years prior to Jackson's application with the company.

In December of 2004, the EEOC conducted an on-site investigation of Plaintiff's records.

In January of 2005, the EEOC requested additional company records.  On January 20, 2005, the

EEOC sent Plaintiff a letter stating:

> A charge may be voluntarily settled on terms that are mutually agreeable to the
> parties without any determination on the merits of the charge or any admission of
> a violation of law. . . . If you wish to enter into settlement discussions, please
> contact me within ten (10) days of receipt of this letter.  Please be advised that
> settlement of this charge with [Jackson] . . . may not necessarily end the
> Commission's investigation.

(Doc. No. 4, Ex. 1-D).  Faced with the voluminous records request, Plaintiff contacted the EEOC

and advised that it wished to enter into settlement discussions.  On February 16, 2005, the EEOC

sent Plaintiff a letter stating that in order for it to enter into settlement discussions, it must first

finish its investigation in order to determine whether a violation of Title VII had occurred.  (Doc.

No. 4, Ex. 1-F).  The EEOC stated that it would not be able to determine whether a settlement

offer was reasonable and appropriate until it finished its investigation.  (Doc. No. 4, Ex. 1-F).

However, the EEOC stated that if Plaintiff wanted to admit that it violated Title VII, identify

how it violated Title VII, suggest changes it could make to its policies and practices to ensure

that no future violations occur, and offer a suggestion as to appropriate relief for affected parties,

the EEOC would consider the proposal.  (Doc. No. 4, Ex. 1-F).

On February 17, 2005, Plaintiff submitted a written settlement offer to the EEOC, which

included formalizing its policy regarding the use of conviction records in its hiring decisions, but

which denied any violation of Title VII.  (Doc. No. 4, Ex. 1-G).  On February 22, 2005, the

EEOC sent Plaintiff a letter stating that it had reviewed Plaintiff's settlement offer, but it was

unacceptable to the EEOC.  (Doc. No. 4, Ex. 11).  The EEOC did not explain why it found the

settlement offer to be unacceptable.

The EEOC's published policies provide "[t]hat settlement efforts [are] encouraged at all

stages of the administrative process and that the Commission may accept settlements providing

'substantial' relief when the evidence of record indicates a violation or 'appropriate' relief at an

earlier stage in the investigation."  (Doc. No. 4, Ex. 2).  Additionally, the EEOC states on its

website that "[c]harges of discrimination may be settled at any time during the investigation" and

that "settling a charge early may save you the time and effort associated with the investigations."

(Doc. No. 4, Ex. 4).  Furthermore, the EEOC states on its website that when the parties settle

early, there is no admission of liability.  (Doc. No. 4, Ex. 4).

Plaintiff contends that by refusing to accept its settlement offer, the EEOC has violated

its statutory responsibilities and its published policies and procedures.  As a result, Plaintiff

asserts two claims: (1) a violation of 42 U.S.C. § 2000e and implementing administrative policies and procedures, and (2) a request for a writ of mandamus compelling the EEOC to perform a duty owed.  Plaintiff also filed a motion for a temporary restraining order and for preliminary injunctive relief.  The Court denied the motion for a temporary restraining order and referred the motion for preliminary injunctive relief to the magistrate judge assigned to this case. The magistrate judge recommended that the Court deny the motion for preliminary injunctive relief and dismiss the case, because Plaintiff's claims are not ripe for review.  Plaintiff objects to the magistrate judge's recommendation.

## II.  Motion to Dismiss

Defendants filed a motion to dismiss, and the issues raised in the motion to dismiss were also raised in response to the motion for preliminary injunctive relief that was before the magistrate judge.  Defendants contend that this case should be dismissed, because (1) Plaintiff's claims are not ripe for review, (2) the exception to the ripeness test set forth in Leedom v. Kyne does not apply, and (3) Plaintiff is not entitled to relief under the Mandamus Act.  Accordingly, the Court will address each argument.

### A.  Ripeness

Defendants contend that Plaintiff's claims are not ripe for review.  "Ripeness is a justiciability doctrine designed 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.'" National Park Hospitality Association v. Department of the Interior, 538 U.S. 803, 807-08 (2003)(quoting

4

Abbott Laboratories v. Gardner, 387 U.S. 136, 148-49 (1976)).  "Determining whether administrative action is ripe for judicial review requires [the Court] to evaluate (1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration."  Id. at 808 (citation omitted).  For the reasons stated below, the Court finds that Plaintiff's claims are not ripe for review.

### 1.  Fitness of Judicial Review

In determining whether the issues are fit for review, the Court must analyze "whether the agency action is final, whether further administrative proceedings are contemplated and whether only purely legal questions are presented."  Shoe Works v. U.S. EEOC, 685 F. Supp. 168, 169 (S.D. Ohio 1987).   After considering these elements, the Court finds that Plaintiff's claims are not fit for judicial review.

In order for Plaintiff's claims to be fit for judicial review, the Court must find that the EEOC's decision not to settle the charge prior to finishing its investigation (and prior to a reasonable cause determination or Plaintiff admitting that it violated Title VII) is a final agency action.  However, the Court finds that it is not a final agency action.

Plaintiff appears to argue that the EEOC has denied it the right to settle the charges against it before a reasonable cause determination is made and without admitting that it violated Title VII.  As such, Plaintiff argues that the EEOC's letter stating that Plaintiff's settlement offer was unacceptable constituted a final agency action, since the EEOC has taken away Plaintiff's ability to settle the charges before a reasonable cause determination is made and/or to settle without admitting liability.  The Court, however, rejects this argument.

In order for a decision to be deemed a final agency action, "it must have some 'determinate consequences for the party.'" <u>Georator Corp. v. EEOC</u>, 592 F.2d 765, 768 (4th Cir. 1979)(quoting <u>ITT v. Electrical Workers</u>, 419 U.S. 428, 443 (1975)). "Courts have long considered the touchstone of finality to be the fixing of obligations or legal relationships." <u>Id.</u> (citations omitted); <u>see also</u> <u>Bennett v. Spear</u>, 520 U.S. 154, 178 (1997)(stating that the action must be one by which rights or obligations have been determined or from which legal consequences flow).

Upon review of the cases cited by the parties, it is clear that the EEOC's decision not to settle the charges against Plaintiff without further investigation (and prior to a reasonable cause determination or Plaintiff admitting that it violated Title VII) is not a final agency action. To begin with, during the EEOC's investigation of a charge of discrimination, an employer may not litigate the validity of the charge before the EEOC seeks to enforce a subpoena based on the charge. <u>See</u> <u>Mississippi Chemical Corp. v. EEOC</u>, 786 F.2d 1013, 1019 (11th Cir. 1986). Furthermore, there is "no general right to judicial review of the EEOC's decision to investigate the discrimination charges." <u>Bell Atlantic Cash Balance Plan v. U.S. EEOC</u>, No. 97-2382, 1999 WL 485679, at *4 (4th Cir. July 12, 1999). Additionally, courts have found that reasonable cause determinations by the EEOC are not final agency actions, because they do not create legal liabilities or obligations. <u>See</u> <u>Bell Atlantic Cash Balance Plan v. U.S. EEOC</u>, 976 F. Supp. 376, 380-81 (E.D. Va. 1997), <u>aff'd</u> 182 F.3d 906 (4th Cir. 1999); <u>Georator</u>, 592 F.2d at 768. As such, the Court finds that the EEOC's decision not to settle at this time (i.e., before completing its investigation, before a reasonable cause determination is made, and without an admission of liability) is not a final agency action, because it does not create legal liabilities or obligations.

6

Plaintiff may be able to settle the charges against it after the EEOC's investigation is complete

and/or after a reasonable cause determination is made.  Even if Plaintiff is unable to settle the

charges against it at any time, the EEOC's decision not to accept Plaintiff's settlement offer does

not create any legal liabilities or obligations.  In short, no legal consequences flow from the

EEOC's decision not to accept Plaintiff's settlement offer at this time.

      Additionally, it is clear that further administrative proceedings are contemplated (since

the EEOC has not finished investigating the charges), which render Plaintiff's claims "unripe."

"There is a compelling public interest in allowing federal enforcement agencies to carry out their

congressional mandates unhampered by premature interruption. Actions like the present one lead

to piecemeal and needless review of issues which the EEOC may choose not to pursue in court . .

. ." Shoe Works, 685 F. Supp. at 170.  Since further administrative proceedings are

contemplated, the EEOC's decision not to settle at this time cannot be considered a final agency

action that is fit for judicial review.

### 2.  Hardship to the Parties

      In determining whether an administrative action is ripe for judicial review, the Court

must consider the hardship to the parties of withholding court consideration.  "In this regard,

'[t]he hardship prong is measured by the immediacy of the threat and the burden imposed on the

petitioner who would be compelled to act under threat of enforcement.'" Bell Atlantic, 976 F.

Supp. at 379-80 (quoting Charter Federal Sav. Bank v. Office of Thrift Supervision, 976 F.2d

203, 208-09 (4th Cir. 1992)).  However, the Court finds that Plaintiff has failed to show that the

withholding of judicial review will cause hardship.

The EEOC's decision not to accept Plaintiff's settlement offer at this time merely results in the continued investigation of the charges against Plaintiff.  "While an investigation by the EEOC may reasonably cause a company . . . to incur some burdens during the course of [its] investigation, such burdens are not indicia of final or reviewable agency action; they do not amount to the type of concrete, significant hardship that triggers judicial review."  Id. at 381 (citations omitted).  Accordingly, the Court finds that Plaintiff's claims are not ripe for judicial review, as Plaintiff has failed to show that the withholding of judicial review will cause hardship.

**B.  Leedom v. Kyne Exception**

Next, Plaintiff argues that the exception to the ripeness test set forth in Leedom v. Kyne, 358 U.S. 184 (1958), applies in this case.  In Leedom, the Supreme Court found that an action taken by the National Labor Relations Board was in excess of the Board's delegated powers, and therefore, the action was subject to judicial review by way of direct suit in the district court to prevent the deprivation of a right given to the plaintiffs by Congress.  Id. at 188-89.  As such, Leedom permits judicial review of nonfinal agency actions when the agency acts in clear derogation of its express statutory authority.  Bell Atlantic, 976 F. Supp. at 381.

Plaintiff's reliance on Leedom, however, is misplaced.  To begin with, Plaintiff is not being deprived of any right by the EEOC's decision not to settle at this time, nor is the EEOC acting in clear derogation of its statutory authority, because the EEOC is not required to settle charges before it completes an investigation, nor is it required to settle before a reasonable cause determination is made.  This conclusion is supported by 29 C.F.R. 1601.20(a), which provides that "prior to the issuance of a determination as to reasonable cause the Commission *may*

8

encourage the parties to settle the charge on terms that are mutually agreeable." (emphasis added).  Furthermore, the EEOC's published policies provide "[t]hat settlement efforts be encouraged at all stages of the administrative process and that the Commission **may** accept settlements providing 'substantial' relief when the evidence of record indicates a violation or 'appropriate' relief at an earlier stage in the investigation."  (Doc. No. 4, Ex. 2)(emphasis added).  Additionally, the EEOC's Compliance Manual states that the "EEOC is not required to engage in negotiated settlement before a finding and will exercise its *sole discretion* to do so on a case-by-case basis."  (Doc. No. 4, Ex. 7)(emphasis added).  Clearly, the decision to settle a charge before the EEOC completes an investigation, or to settle a charge before a reasonable cause determination is made, is a decision within the EEOC's discretion and is not a right given to Plaintiff.[1]  Since Plaintiff is not being denied a right, nor is the EEOC acting in clear derogation of its statutory authority, by the EEOC's refusal to settle at this time, the Court finds that the exception to the ripeness test set forth in Leedom is not applicable.

Furthermore, as explained by the former Fifth Circuit, Leedom is rarely successfully invoked:

> Leedom v. Kyne represents only a narrow and rarely successfully invoked
> exception to the doctrine that exhaustion of administrative procedures is a

---

[1]Plaintiff points to the EEOC's February 16, 2005 letter and contends that the EEOC has conceded that it is obligated to accept any reasonable and appropriate settlement offer.  Plaintiff, however, misconstrues the letter.  In the letter, the EEOC states that it "ought only . . . accept offers that are deemed reasonable and appropriate."  (Doc. No. 4, Ex. 1-F).  This statement does not show that the EEOC concedes that it must accept all reasonable and appropriate settlement offers at any time; instead, this statement shows that when determining whether to accept a settlement offer, it can only accept such offers that are reasonable and appropriate.  Since the EEOC has not finished its investigation, it may not be able to determine whether Plaintiff's settlement offer is reasonable and appropriate.

> condition precedent to federal court jurisdiction. Under this exception access to
> the courts is accorded only if the [EEOC's decision not to settle the charges
> against Plaintiff] is infused with error which is of a summa or magna quality as
> contraposed to decisions which are simply cum error. Only the egregious error
> melds the [EEOC's] decision into justiciability. Lesser malignancies thwart the
> jurisdiction of the courts.

U.S. v. Feaster, 410 F.2d 1354, 1368 (5th Cir. 1969); see also Bell Atlantic, 976 F. Supp. at 381.

The Court cannot say that the EEOC's decision not to settle the charges against Plaintiff at this

time, before its investigation is complete, is infused with error which is of a summa or magna

quality.[2]  As such, the Court finds that the exception to the ripeness test set forth in Leedom is

not applicable.

### C.  Mandamus Act

Plaintiff contends that this Court has jurisdiction under the Mandamus Act.  Mandamus

jurisdiction is codified at 28 U.S.C. § 1361, which provides that "[t]he district courts shall have

original jurisdiction of any action in the nature of mandamus to compel an officer or employee of

the United States or any agency thereof to perform a duty owed to the plaintiff."  "'[M]andamus

is an extraordinary remedy which should be utilized only in the clearest and most compelling

cases.'"  Cash v. Barnhart, 327 F.3d 1252, 1257 (11th Cir. 2003)(quoting Carter v. Seamans, 411

F.2d 767, 773 (5th Cir. 1969)).

---

[2]Additionally, Plaintiff argues that its settlement offer provided the EEOC with all that it could obtain by law, and as such, the EEOC failed to comply with its policies regarding use of conviction records when it rejected Plaintiff's settlement offer.  The Court rejects this argument, because this argument goes to whether the EEOC was required to settle before it completed its investigation and had the opportunity to determine whether the settlement offer provided adequate relief for affected parties and whether Plaintiff's hiring procedures were justified by business necessity.  Furthermore, the Court has found that the EEOC is not required to settle charges before its investigation is complete and before a reasonable cause determination is made.

"Mandamus relief is only appropriate when: (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) 'no other adequate remedy [is] available.'" Id. at 1258 (quoting Jones v. Alexander, 609 F.2d 778, 781 (5th Cir. 1980)).  Thus, mandamus relief is only available if the EEOC owes a clear, nondiscretionary duty to Plaintiff. See Lifestar Ambulance Svc., Inc. v. U.S., 365 F.3d 1293, 1295 (11th Cir. 2004)(citation omitted).

Plaintiff contends that the EEOC was required to accept Plaintiff's offer of settlement. However, the Court rejects Plaintiff's argument that the EEOC had a clear duty to act.  As explained above, the EEOC was not required to settle the charges against Plaintiff before it completed its investigation.  As such, the Court finds that mandamus relief is not available.

**III.  Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

(1)     The Magistrate Judge's Report and Recommendation (Doc. No. 37) is adopted and incorporated by reference in this Order of the Court;

(2)     Plaintiff's Motion for Preliminary Injunctive Relief (Doc. No. 3-2) is **DENIED**;

(3)     Defendants' Motion to Dismiss (Doc. No. 34) is **GRANTED**;

(4)     Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**; and

(5)     The Clerk is directed to close this case and to terminate all pending motions.

11

**DONE AND ORDERED** at Tampa, Florida, this 9th day of June, 2005.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record